IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | Criminal No. 1:18-cr-08-HSO-JCG |
| § | |
| § | |
| CHRISTOPHER BRYAN SMITH § | |

## ORDER DENYING DEFENDANT CHRISTOPHER BRYAN SMITH'S MOTION [76] FOR COMPASSIONATE RELEASE

BEFORE THE COURT is Defendant Christopher Bryan Smith's Motion [76] for Compassionate Release. The Court finds that this Motion [76] should be denied.

## I. BACKGROUND

On May 1, 2018, Defendant Christopher Bryan Smith pled guilty to the single count Indictment in this case, which charged that he

> did knowingly possess one or more matters that contained any visual depiction, using any means or facility of interstate or foreign commerce . . . production of which involved one or more minor, to include a prepubescent minor or a minor who had not attained 12 years of age, engaging in sexually explicit conduct and the depiction was of such conduct,

in violation of Title 18, United States Code, Section 2252(a)(4). Indictment [3] at 1.

On August 16, 2018, the Court sentenced Smith to a term of 109 months imprisonment, followed by 10 years of supervised release. Min. Entry, Aug. 16, 2018. Smith is presently incarcerated at the Federal Correctional Institution Oakdale ("FCI Oakdale") in Oakdale, Louisiana, and his anticipated release date is November 4, 2025. Resp. [68] at 5.

Smith has filed the instant Motion [76] for Compassionate Release asking the Court to grant him compassionate release and reduce his prison sentence. Mot. [76] at 1. The Motion [76] argues that Smith's underlying medical conditions due to type I diabetes mellitis, coupled with the risks posed by the COVID-19 pandemic, constitute extraordinary and compelling reasons justifying a sentence reduction. *Id.* at 1.

The Government has filed a Response [78] opposing Smith's Motion [76]. The Government contends that Smith is vaccinated against COVID-19 and therefore he does not present any extraordinary and compelling reasons for release, and that he is a danger to the community and has a substantial amount of time remaining on his sentence. Resp. [78] at 1.

## II. <u>DISCUSSION</u>

A.   <u>Whether Smith has exhausted his administrative remedies</u>

18 U.S.C. § 3582(c)(1)(A)(i) states:

[t]he court may not modify a term of imprisonment once it has been imposed except that—
(1)   in any case—
      (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
            (i) extraordinary and compelling reasons warrant such a

2

reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

In order to qualify for compassionate release, Defendant must first exhaust his administrative remedies within the Bureau of Prisons ("BOP"). 28 C.F.R. §§ 542.13 -.15 lays out the process by which a defendant must submit their request. The Fifth Circuit has held that the 18 U.S.C. § 3582(c)(1)(A) exhaustion requirement "is mandatory." *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020).

Smith filed an earlier Motion [61] for Compassionate Release on July 31, 2020, that was ultimately denied for failure to exhaust administrative remedies. Order [75]. Smith subsequently filed a request with the institution staff members for compassionate release under 28 C.F.R. § 542.14 on November 2, 2020, and on June 14, 2021, his administrative remedies were properly exhausted when the General Counsel of the BOP denied his appeal. Mot. [76] Ex. [3] at 2. The Government has not brought forth any evidence to dispute that Smith has exhausted his administrative remedies, and the exhibits Smith has submitted with his Motion lead the Court to conclude he has properly exhausted his administrative remedies. Mot. [76] Ex. [2,3]. Accordingly, the Court will decide the Motion on the merits.

B.  <u>Whether Smith has identified "extraordinary and compelling circumstances" justifying his release</u>

18 U.S.C. § 3582(c)(1)(A)(i) permits a sentencing court to reduce or modify a term of imprisonment on motion by a defendant for compassionate release if that

3

court finds that "extraordinary and compelling reasons warrant such a reduction." The Fifth Circuit has recently held that district courts are "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)" when considering an inmate's motion for compassionate release. *United States v. Shkambi,* 993 F.3d 388, 393 (5th Cir. 2021).

Smith cites his diabetes as a medical condition which warrants his compassionate release; however, diabetes, while a serious condition, is not an illness that, by itself, gives rise to relief under compassionate release caselaw. *United States v. Soto,* No. 4:11-CR-220(1), 2021 WL 3682196, at *6 (E.D. Tex. Aug. 18, 2021) (rejecting motion because "due to its prevalence, diabetes cannot be considered 'extraordinary' in order to warrant compassionate release"); *see also United States v. Williams*, No. CR 15-83-SDD-EWD, 2021 WL 414825, at *3 (M.D. La. Feb. 5, 2021) (rejecting motion for compassionate release filed by inmate with Type 2 diabetes and obesity because there was no evidence these conditions had diminished his ability to provide self-care within the facility); *United States v. Cotto*, No. CV 16-36, 2020 WL 5761192, at *2 (E.D. La. Sept. 28, 2020) (recognizing the seriousness of diabetes and obesity but denying compassionate release because inmate had not shown that he was unable to take care of himself within the confines of the facility or that the BOP could not manage his medical conditions appropriately in view of medical records showing that he was being administered the necessary care); *United States v. Dressen,* No. 4:17-CR-40047-01-KES, 2020 WL 5642313, at *3 (D.S.D. Sept. 22, 2020) (denying compassionate release because the

4

defendant did not identify "how his Type 2 diabetes prevents him from providing self-care in a correctional facility setting or how it amounts to extraordinary and compelling circumstances").

Smith maintains that he can provide better self-care related to his diabetes outside of FCI Oakdale. He contends that prior to his imprisonment, he used an insulin pump and followed a strict diet, but that since his imprisonment, he has had trouble stabilizing his blood sugar and has even had to go to the hospital for hypoglycemia. Mot. [76] at 9.

Upon closer examination of the medical records, however, it appears that Smith's alleged inability to self-care may well be of his own making. While Smith claims in his Motion that "BOP medical staff has been unable to stabilize" him and that he has been admitted to the emergency room because BOP medical staff improperly administered too much insulin, his BOP medical records reveal that medical staff have repeatedly told him to make lifestyle changes, to no avail. Doc. [70] at 12.  Specifically, Smith's records show that BOP medical staff have advised him to stop eating sweets and monitor his intake of carbohydrates, two commonly recommended lifestyle habits for those living with diabetes, but that Smith "is not interested in making diet/lifestyle changes to help manage his condition." *Id*. Indeed, Smith has apparently even stated to health providers at the BOP Health Services that he is "winging it," and medical records contain repeated references to Smith's resistance to guidance. Doc. [70] at 481. In short, Smith's argument regarding self-care is not persuasive.

5

Smith also claims that his diabetes and related conditions make him more vulnerable to COVID-19. However, Smith's records reflect that he is fully vaccinated against the virus. Resp. [48] Ex. [1] at 1. As courts in other compassionate release cases have noted, "vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection." *E.g., United States v. Isidaehomen*, No. 3:16-CR-0240-B-4, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021).

Courts have further held that the remote possibility of a defendant experiencing a breakthrough case is too rare to justify granting a compassionate release motion. *United States v. Walker,* No. 20-CR-20027, 2021 WL 2474088, at *3 (C.D. Ill. June 17, 2021) (holding that because defendant was fully vaccinated, his underlying health conditions—diabetes, heart disease, high blood pressure, asthma, and substance abuse—alone, were insufficient to establish extraordinary and compelling reasons justifying compassionate release); *United States v. Parham,* No. 1:19-CR-133-LG-RHW-1, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021) (finding that "generalized concerns of contracting COVID-19[ ] are not an 'extraordinary and compelling reason'" where the defendant had received the COVID-19 vaccine); *United States v. Grummer,* No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release and noting that while the defendant had several chronic medical conditions, he had received the COVID-19 vaccine and therefore any risk of contracting the virus was "significantly mitigated"); *United States v. Smith*, No. 17-CR-20753, 2021 WL

6

364636, at *2 (E.D. Mich. Feb. 3, 2021) ("Accordingly, absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)"); *United States v. Beltran,* No. 6:16-CR-00004, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to a high-risk inmate with myriad underlying medical conditions who received the vaccine, finding that "vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection").

Smith also argues that FCI Oakdale is one of the facilities explicitly mentioned as a hotspot in a 2020 DOJ memorandum. As of fall 2021, however, FCI Oakdale has fully vaccinated over 1,500 inmates,[1] representing over 70% of the population. The higher community vaccination rate of the facility has led to a decline in cases there, and as of September 9, 2021, there was only one inmate in FCI Oakdale with an active case of COVID-19.[2]

In short, Defendant has not shown the existence of any extraordinary and compelling circumstances justifying an early release.

C.   Whether the applicable factors set forth in 18 U.S.C. 3553(a) weigh against Smith's release

Even if Smith had successfully presented evidence of an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i), he has failed to demonstrate

---

[1] COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/#.
[2] *Id.*

7

that the applicable factors set forth under 18 U.S.C. § 3553(a) weigh in favor of his early release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence[sic] and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020)(citing 18 U.S.C. § 3553(a)).

While Smith characterizes himself as a non-violent offender, the nature and circumstances of Smith's crime are far more serious than he acknowledges. At the time of his sentencing for possession of child pornography, he had a total offense level of 28 and a criminal history category of III. PSR [37]. During the execution of the search warrant, Smith admitted to agents that he had been downloading child sexual exploitation material for eleven years. *Id.* at 7. Ultimately, he was found to be in possession of 48 videos depicting such material. *Id.* at 11.

In addition, Smith has only served about 40% of his sentence. Allowing him to serve substantially less of his sentence than ordered would not reflect the seriousness of his offense, promote respect for the law, deter criminal conduct, or protect other children from further crimes.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Christopher Bryan Smith's Motion [76] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 17th day of September, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE